**Billie H. BYRON, Plaintiff,**

v.

**UNIVERSITY OF FLORIDA et al.,
Defendants.**

**Civ. A. No. 75–15.**

United States District Court,
N. D. Florida,
Gainesville Division.

Nov. 6, 1975.

---

Judith Petersen, Tampa, Fla., for plaintiff.

Ashmun Brown, Thomas S. Biggs, Jr., Gainesville, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER

STAFFORD, District Judge.

Plaintiff brings this action under 42 U.S.C. § 2000e, alleging sex discrimination by Defendants. The defendants are the University of Florida and various individuals as agents of the University. Defendant Greene is director of the University's Physical Plant Division. Defendant York is the president of the University. The other individual defendants are connected with the University's personnel system and have had contact with Plaintiff concerning her grievances.

The complaint alleges that defendant Greene denied Plaintiff a promotion from a position of Staff Assistant II to that of Staff Assistant I, that he subsequently transferred all of Plaintiff's supervisory duties to men, and that he finally had Plaintiff demoted to a position of Secretary III. The complaint contains allegations which, if proved, would tend to establish that defendant Greene was motivated in those actions by sexual bias. Further, it is alleged that Plaintiff was harassed in various ways by the other individual defendant when she

sought redress of her initial grievance with Greene within the University. Among the more significant averments of harassment are that Plaintiff was given unsatisfactory job ratings for disloyalty, that she was denied access to her personnel file, that she received communications suggesting that her persistence in the matter would be to her detriment, and that she was reassigned to another department where her prospects for advancement were curtailed. The complaint alleges that she filed charges with the Equal Employment Opportunity Commission (E.E.O.C.) and subsequently received a Notice of Right to Sue.

Jurisdiction is predicated upon 42 U.S.C. § 2000e–5(f). Plaintiff seeks reinstatement as a Staff Assistant I, other prospective injunctive relief, and back pay.

The case is presently before the Court on Defendants' joint motion to dismiss.

## SUBJECT MATTER JURISDICTION

As grounds for the motion Defendants first assert that the Court lacks jurisdiction to entertain the suit by reason of the Eleventh Amendment. Essentially they contend that the suit is in reality one brought against the state (or its instrumentality, the University), since the individual defendants are named only in their official or representative capacities.

■ Insofar as Plaintiff seeks relief other than the award of back pay, the Eleventh Amendment does not bar this action against the State. See *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 782 (1974). *Employees of the Department of Public Health & Welfare v. Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) (hereinafter *Employees*), cited by Defendants, is not applicable insofar as prospective equitable relief is sought. *Employees* dealt with an action seeking a monetary award against a state's treasury.

■ The question of whether this Court has the authority to award back pay against the University is more difficult. It must be conceded that the University is a political instrumentality of the State of Florida. See Fla.Stat.Ann. §§ 239.01, 240.095 (West, 1975 Supp.); *Fitzpatrick v. Bitzer*, 519 F.2d 559 (2d Cir. 1975). Defendants rely upon *Employees* to support their position that the Eleventh Amendment bars an action for back pay against the State. Defendants read *Employees* too broadly. The majority in *Employees* conceded the surprising principle that, in the exercise of its authority to regulate interstate commerce, Congress may remove the protection of the Eleventh Amendment from even traditional state functions when those functions affect commerce. The narrow holding of *Employees* was that Congress did not expressly state its intention to do so under the Fair Labor Standards Act. Without an unequivocal expression of such an intent, the Court declined to construe that Act as removing the States' immunity. *See also Intracoastal Transp. Inc. v. Decatur County*, 482 F.2d 361 (5th Cir. 1973).

■ The analysis used in *Employees* to arrive at Congressional intent is not persuasive.[1] Nevertheless, this Court is

---

1. In 1966 Congress amended the definitional section of the Fair Labor Standards Act, 29 U.S.C. § 203, to include certain state-operated health facilities within the definition of the term "employer" as used in the Act. The *Employees* Court therefore had to and did concede that Congress intended to extend the Act's coverage to certain classes of state employees. Congress, however, did not amend the judicial remedies portion of the Act, 29 U.S.C. § 216(b). The Court seized upon that omission as proof that Congress did not clearly intend to allow suits for back pay by private litigants against the States in federal court. The Court buttressed its conclusion by noting that the Secretary of Labor was empowered by the Act to institute suit against the States on behalf of state employees to recover back pay. Since the Eleventh Amendment does not insulate the States from suit by the federal government, the Court reasoned that a construction of the Act which would prevent privately instituted suits against the States did not render

**52**

bound by it. Being so bound, the Court must conclude that this action may not be maintained against the University[2] insofar as back pay is sought. The statute under which plaintiff seeks relief here is structured much the same as the Fair Labor Standards Act construed in *Employees*. In 1972 Congress amended a portion of the definitional section, 42 U.S.C. § 2000e(a), (b), to include state governments, their agencies and their political subdivisions within the term "employer." Pub.L. 92–261 § 2, 86 Stat. 103. The states were therefore brought within the Act's coverage, and employment discrimination by the States was prohibited. Congress also amended the judicial remedies provisions of the Act, 42 U.S.C. § 2000e–5(g), to expand the power of the federal courts to grant relief. Pub.L. 92–261 § 4(a); 86 Stat. 104. However, although Congressional attention was thus clearly directed to the question of available judicial relief, Congress did not expressly indicate an intent to permit suits by private individuals against the States.

The analogy to the *Employees* situation is further underscored by the fact that under 42 U.S.C. § 2000e–5 the Equal Employment Opportunity Commission (E.E.O.C.) is authorized to bring suit against the States, as is the Secretary of Labor under the Fair Labor Standards Act. Therefore, it cannot be said that construing 42 U.S.C. § 2000e to preclude private actions against the States would render the statute's protection meaningless to state employees. Moreover, the legislative history of Public Law 92–261 indicates that the primary Congressional

concern in amending 42 U.S.C. § 2000e was to make available to employees in the public sector the administrative machinery of the E.E.O.C. for redress of their grievances. That machinery had previously been denied them but had been available to private-sector employees. Insofar as judicial redress was concerned, the legislative history of the amendments indicates a Congressional attitude that the relief available under 42 U.S.C. § 1983 and kindred statutes was adequate. 1972 *U.S.Code Cong. & Admin.News*, pp. 2152–54. Under 42 U. S.C. § 1983 the Eleventh Amendment is clearly a bar to the award of monetary relief out of a state's treasury. See *Edelman v. Jordan*, 415 U.S. 651, 675–77, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus, neither the language of the statute as amended nor the legislative history of the amendments evinces a clear congressional purpose to remove the immunity of the states from suit under 42 U.S.C. § 2000e.

■ What has been said thus far in no way disposes of plaintiff's claim for back pay against the individual defendants. As to those defendants, it is argued that since they are named only in their official or representative capacities, no claim is stated against them personally. The claim, it is argued, is stated only against the University, acting through the individuals as agents. That argument was rejected in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The *Scheuer* decision reaffirms the policy of the Federal Rules against overly technical construction of the pleadings. See Rule 8(f),

meaningless the intent of Congress to extend the Act's protection to state employees. The problem with that analysis is that the Act is so constructed that its substantive provisions key around the definitional section.

It is common drafting practice to amend such legislation by amending only the definitional section, thereby making all sections of the legislation operative upon the newly-comprehended subject. It should be noted that soon after *Employees* Congress amended 29 U.S.C. § 216(b) to reaffirm its intention to make public agencies amenable to

suit thereunder. *See* Pub.L. 93–259 § 6(d)(1), 88 Stat. 61.

2. Whether the University has the capacity to be sued in this action is addressed *infra*. For the moment it is assumed *arguendo* that the University is the appropriate political subunit of the State of Florida against which to proceed, since the jurisdictional result would be the same whether the University or the Florida Board of Regents were named as a party defendant.

*Federal Rules of Civil Procedure.* It teaches that the nature of the claim is to be determined from the substance of the allegations contained in the complaint, not from an overly nice inspection of the case style. *Scheuer* was decided in the context of a claim for damages under 42 U.S.C. § 1983, but it is equally cogent here.

The Court takes note that 42 U.S.C. § 2000e(b) defines the term "employer" as ". . . a person engaged in an industry affecting commerce . . . *and any agent of such a person* . . ." (emphasis added)

The individual defendants in this case meet that definition. Fairly read, the complaint states a claim against some or all of them individually for back pay.

### PERSONAL JURISDICTION

■ Defendants next contend that the Court lacks jurisdiction over the persons of the defendants. They claim that the only entity named in the charges filed by Plaintiff before the E.E.O.C. was the Physical Plant Division of the University of Florida and assert that only that entity may be made a party defendant. See *LeBeau v. Libbey-Owens Ford Co.,* 484 F.2d 798 (7th Cir. 1973). In making that assertion defendants apparently rely upon a "Notice of Charge of Discrimination" issued by the E.E.O.C., an uncertified copy of which is appended to their motion.

If Defendants desired the Court to consider matters outside the pleadings, the better practice would have been to take advantage of the provisions of Rule 12(b) by submitting such extrinsic matters in proper evidentiary form. The Court would then have been able to treat defendant's motion as one for summary judgment. Absent such action, the Court may refuse to consider any matters beyond the pleadings themselves on a motion to dismiss. See 5 Wright & Miller, *Federal Practice & Procedure,* § 1364. The Court notes that there is at-

tached to Plaintiff's response to Defendants' motion a copy of what purports to be Plaintiff's actual charge of discrimination filed before the E.E.O.C. That document indicates that all defendants with the exception of defendant Monroe were named by Plaintiff in her E.E.O.C. charges. Given this apparent factual dispute, the Court declines to consider any material beyond the complaint itself at this time. Defendants are of course free to raise these matters by a motion for summary judgment.

The complaint alleges that charges were filed with the E.E.O.C. Construing that allegation favorably to Plaintiff, it must be assumed for purposes of the pending motion to dismiss that all defendants were named in those charges, unless other allegations in the complaint indicate otherwise.

The complaint does reveal that defendant Monroe was not named before the E.E.O.C., since his actions are alleged to have occurred subsequent to the filing of the E.E.O.C. charges. The Court will therefore consider the propriety of Monroe's status as a party defendant.

There is a divergence of authority on the issue of whether it is a jurisdictional prerequisite that a party defendant in a suit filed by a private plaintiff under 42 U.S.C. § 2000e must have been named in charges filed with the E.E.O.C. Some cases hold it to be a strict jurisdictional requirement. *LeBeau v. Libbey-Owens Ford Co., supra;* 271 F. Supp. 27 (E.D.N.C., 1967). Others hold that the rule is not absolute, that it need not be applied where a relationship exists among the defendants such that those named before the E.E.O.C. adequately represent the interests of those not named. See *Butler v. Local No. 4 and Local No. 29, Laborer's Int'l Union,* 308 F.Supp. 528, 530 (N.D.Ill., 1969); *Evans v. Sheraton Park Hotel,* 164 U.S. App.D.C. 86, 503 F.2d 177 (1974); *Hardison v. T.W.A.,* 375 F.Supp. 877 (W.D. Mo., 1974); *Taylor v. Armco Steel Corp.,* 373 F.Supp. 885 (S.D.Tex., 1973).

The Fifth Circuit has not decided the issue. *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 647, n. 6 (5th Cir., 1974). It is this Court's opinion that the rule announced in *Taylor v. Armco Steel Corp., supra,* is the better one.

If, as must now be assumed, the complaint filed by this plaintiff with the E.E.O.C. included the defendants (other than Monroe) named in this suit, then Monroe's interest was adequately represented before the E.E.O.C. Plaintiff charges a concerted effort toward retaliation against her by the various defendants, some of whom are obviously superiors of defendant Monroe. Against that charge, defenses put forward by the other defendants would be equally applicable to Monroe. Defendant Monroe is therefore a proper defendant.

## THE UNIVERSITY'S CAPACITY AS A DEFENDANT

■ Defendants also contend that the University lacks the capacity to be sued and must be dismissed upon that ground. The Court agrees.

The University's capacity to be sued is determined by the Law of Florida. Rule 17(b), *Federal Rules of Civil Procedure.* Under Florida law the University is not endowed with separate corporate existence, nor with the authority to be sued in its own name. Rather, those characteristics are bestowed upon the Board of Regents, as head of the State's University System. *Compare* Fla.Stat. Ann. § 239.01 (West, 1975 Supp.) *with* Fla.Stat.Ann. § 240.042 (West, 1975 Supp.)

■ The Court must therefore determine whether the Board of Regents is an indispensable party under Rule 19.

As discussed above, Plaintiff may proceed against the individual defendants for back pay. The Board of Regents therefore is not indispensable with respect to that claim for relief. Nor is it indispensable with respect to the injunctive relief sought. By Florida law, the Board of Regents is empowered to delegate to Defendant York, as President of the University of Florida, "such of its powers as it deems expedient and proper." Fla.Stat.Ann. § 240.042(1) (West, 1975 Supp.). The Regents have delegated broad authority to Defendant York over the appointment, demotion and termination of University personnel. *See Fla.Adm.Code,* Ch. 6C–4. The Court therefore has before it the parties necessary to grant the relief sought. The Board of Regents, having chosen to delegate authority over personnel to the Defendant York, is not prejudiced by plaintiff's failure to join it as a party to this action.

## SUFFICIENCY OF THE PLAINTIFF'S CLAIM

■ The Defendants' final contention is that the complaint fails to state a claim upon which relief can be granted. Rule 12(b)(6), *Federal Rules of Civil Procedure.* This argument is not well taken. The complaint is amply explicit to state a claim of sex discrimination under 42 U.S.C. § 2000e. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); 5 Wright & Miller, *Federal Practice & Procedure,* §§ 1216, 1286, 1357.

It is therefore ordered:

1. This action is dismissed as to the Defendant University of Florida.

2. In all other respects, Defendants' Motion to Dismiss is denied.