**Maryellen SANDOVAL, Plaintiff,**

**v.**

**Don PAGANO, individually, Olivia Chambers, individually, Roger Herron, individually, Robert Hale, individually, Don Pagano, as the District Manager, Unemployment Insurance Tax Audits Department of Labor and Employment of the State of Colorado, Olivia Chambers, as Chief of Unemployment Insurance Tax Section, Department of Labor and Employment of the State of Colorado, Roger Herron, as Chief of Audits of the Department of Labor and Employment of the State of Colorado, Robert Hale, as the Director of Unemployment Insurance of the Department of Labor and Employment of the State of Colorado, John Donlon, as the Executive Director of the Department of Labor and Employment of the State of Colorado, and the Department of Labor and Employment of the State of Colorado, Defendants.**

**Civ. A. No. 90–F–1938.**

United States District Court,
D. Colorado.

Feb. 26, 1991.

**1088**

J.E. Losavio, Jr., Pueblo, Colo., for plaintiff.

Cathy H. Greer, Hall & Evans, Denver, Colo., for defendant Don Pagano.

James M. Humes, Asst. Atty. Gen., Tort Litigation Section, Denver, Colo., for remaining defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendant Don Pagano's motion to dismiss, filed December 17, 1990, and the remaining defendants' motion for partial dismissal, filed December 17, 1990. Jurisdiction is based upon 28 U.S.C.A. § 1331 (West Supp. 1990). For the reasons stated below, the motions are GRANTED IN PART AND DENIED IN PART.

### I.

Plaintiff Maryellen Sandoval ("Sandoval"), a Hispanic female, has been an employee of the Department of Labor and Employment of the State of Colorado ("the Department") for approximately five years.[1] In May, 1989, an investigation into the activities of Sandoval's supervisor, defendant Don Pagano ("Pagano"), was being conducted by the Department. Around this period, Pagano allegedly began to treat plaintiff abusively.

On November 20, 1988, defendants Olivia Chambers ("Chambers") and Roger Herron ("Herron") called plaintiff, accusing her of covering up for Pagano's continual absences. These individuals stated that if Sandoval did not cooperate with the investigation into Pagano's behavior, she would lose her job. Chambers and Herron made subsequent telephone calls to plaintiff demanding cooperation. Under duress from such threats, Sandoval agreed to cooperate with the inquiry and provided investigators with information.

Subsequent to Sandoval's meeting with investigators, Pagano restricted some of her privileges. After Pagano was disciplined, he began to retaliate against Sandoval. These retaliatory actions occurred, despite contrary assurances from Chambers, Herron, and Robert Hale ("Hale"). Although plaintiff informed these defendants of such harassment, they ignored her complaints. Unable to cope with the situation, plaintiff took sick leave from her job on January 22, 1990.

Based upon these events, Sandoval filed a three-count complaint in this court on October 31, 1990. She asserts (i) violations of 42 U.S.C.A. § 1983 (West 1981) against

---

1. All factual recitations in this order have been alleged in either plaintiff's complaint, defendants' motions to dismiss, plaintiff's response to defendants' motions to dismiss, or defendants' reply to plaintiff's response to defendants' motions to dismiss.

Pagano, Chambers, Herron, and Hale, individually, (ii) violations of 42 U.S.C.A. § 1981 (West 1981) against Pagano, Chambers, Herron, and Hale, individually, and (iii) violations of 42 U.S.C.A. § 2000e (West 1981 and Supp.1990) against all named defendants in their official capacity and the Department.

## II.

Plaintiff's first cause of action asserts violations of 42 U.S.C.A. § 1983 (West 1981).[2] All defendants named in the first cause of action have moved to dismiss this count. They allege protection from suit under the doctrine of qualified immunity. An assertion of qualified immunity is more than a defense to liability; rather, it is an immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

To benefit from this doctrine, government officials performing discretionary functions will be shielded from liability to the extent that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Horwitz v. State Bd. of Medical Examiners*, 822 F.2d 1508, 1512–13 (10th Cir.), *cert. denied*, 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 394 (1987).[3] Once a defendant has raised this protection, the plaintiff must come forward with facts or allegations to show that (i) the defendant's alleged conduct violated the law, and (ii) that law was clearly established at the time the alleged violation occurred. *Pleasant v. Lovell*, 876 F.2d 787, 794 (10th Cir.1989); *see Lutz v. Weld County School Dist.*, 784 F.2d 340, 342–43 (10th Cir.1986). In meeting this burden, the plaintiff must demonstrate in a particularized manner that the contours of the right allegedly infringed upon was sufficiently clear in order that a reasonable official would understand that his or her actions violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Pueblo Neighborhood*, 847 F.2d at 645.

### A.

■ Plaintiff has asserted that the actions taken by the defendants did not entail the performance of discretionary functions. A function is discretionary if it involves judgment, planning, or policy decisions. *Strothman v. Gefreh*, 739 F.2d 515, 519 (10th Cir.1984) (quoting *Jackson v. Kelly*, 557 F.2d 735, 738 (10th Cir.1977)). A function is not discretionary if the action involves the enforcement or administration of a mandatory duty at the operational level. *Id.* We believe that the relevant actions did involve discretionary functions. The decision whether and the method in which to investigate employee behavior is not a mandatory duty. It involved judgment by the defendants.

### B.

■ Plaintiff next asserts that defendants' actions violated clearly established rights. Sandoval generally alleges violations of her right to free speech, right to due process of laws, good health, the ability to work in a chosen field of endeavor, to earn a living at such work, and the right to the pursuit of happiness. Plaintiff's Complaint at ¶ 38. While binding precedent is not the only legal basis for establishing a right, *Melton v. City of Oklahoma City*, 879 F.2d 706, 729 n. 36 (10th Cir.), *reh'g granted on other grounds*, 888 F.2d 724 (10th Cir.1989), too general a formulation

---

**2.** 42 U.S.C.A. § 1983 (West 1981) states, in pertinent part,

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**3.** The Supreme Court has rejected a bifurcated objective/subjective approach to qualified immunity, in favor of a purely objective analysis. *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988).

would convert the rule of qualified immunity into a rule of unqualified liability merely by alleging extremely abstract rights. *Anderson*, 483 U.S. at 639, 107 S.Ct. at 3039. Although plaintiff offers a plethora of constitutional catch phrases, plaintiff has not plead with sufficient particularity to meet her burden. *Anderson*, 483 U.S. at 640, 107 S.Ct. at 3039; *De Vargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 724 (10th Cir.1988), *cert. denied,* — U.S. —, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). Her complaint is replete with assertions of abstract rights. Sandoval has not established that such abstract prerogatives are based in clearly established legal principles. *De Vargas*, 844 F.2d at 725. The complaint simply does not provide the court with all the factual allegations necessary to sustain a conclusion that defendants violated clearly established rights of which a reasonable person would have known. *Pueblo Neighborhood*, 847 F.2d at 646. As the plaintiff has not satisfied her burden, defendants must prevail on their motions to dismiss. *Pleasant*, 876 F.2d at 794. Accordingly, defendants' motion to dismiss the first cause of action is hereby GRANTED.

### III.

Plaintiff's second cause of action requests relief under 42 U.S.C.A. § 1981.[4] The protection afforded under this statute encompasses two areas. However, the first protection, the right to make and enforce contracts, only extends to the formation of a contract, not to problems that may arise later from continuing employment. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989); *Hill v. Goodyear Tire & Rubber, Inc.*, 918 F.2d 877, 880 (10th Cir.1990); *Malekian v. Pottery Club of Aurora, Inc.*,

724 F.Supp. 1279, 1280–81 (D.Colo.1989); *Jordan v. U.S. West Direct Co.*, 716 F.Supp. 1366, 1368 (D.Colo.1989); *see* Biggs, *Recent Developments in the District of Colorado Under 42 U.S.C. § 1981*, 19 Colo.Law. 857 (1990). In this matter, any discrimination Sandoval may have suffered occurred during the course of her employment.

■ Plaintiff contends that she is not relying on the contracts clause. She asserts protection from the second area of protection, the removal of legal disabilities. *Patterson*, 109 S.Ct. at 2373. Sandoval specifically asserts that her right to give evidence was violated. Plaintiff has misconstrued the scope of this clause. The give evidence clause only guarantees the removal of legal disabilities to testifying at a court proceeding. *Id.* It does not extend to giving evidence to an employer regarding the behavior of fellow employees. *Kozam v. Emerson Elec. Co.*, 739 F.Supp. 307, 309 n. 5 (N.D.Miss.1990); *see Hicks v. Brown Group, Inc.*, 902 F.2d 630, 638–39 n. 20 (8th Cir.1990).[5] Such an expansive reading would go far beyond the intended breadth of this statute, *Kozam*, 739 F.Supp. at 309 n. 5, and cause this court to "strain in an undue manner" in interpreting the language of § 1981. *See Patterson*, 109 S.Ct. at 2377. Accordingly, defendants' motions to dismiss the second cause of action is hereby GRANTED.

### IV.

■ Plaintiff's final cause of action is brought pursuant to 42 U.S.C.A. § 2000e (West 1981 and Supp.1990).[6] Only defendant Pagano has moved to dismiss this count. Pagano argues that he is not an employer under the statute. We disagree.

---

**4.** 42 U.S.C.A. § 1981 (West 1981) provides, in pertinent part,

"[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

**5.** We have considered *Fowler v. McCrory Corp,* 727 F.Supp. 228, 231 (D.Md.1989), and decline to adopt its overly broad interpretation of the give evidence clause.

**6.** The Supreme Court in *Patterson* indicated that Title VII of the Civil Rights Act of 1964 has a more expansive reach than 42 U.S.C. § 1981. *Patterson*, 109 S.Ct. at 2374.

42 U.S.C.A. § 2000e(b) defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and *any agent of such person.*" 42 U.S.C.A. § 2000e(b) (West 1981) (emphasis added). As it is uncontested that Pagano had supervisory responsibilities over Sandoval, he is an agent for the purposes of Title VII. *Tafoya v. Adams,* 612 F.Supp. 1097, 1104 (D.Colo.1985), *aff'd,* 816 F.2d 555 (10th Cir.), *cert. denied,* 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987); *Jones v. Metropolitan Denver Sewage Disposal Dist.,* 537 F.Supp. 966, 970 (D.Colo.1982); *see also Owens v. Rush,* 636 F.2d 283, 287 (10th Cir.1980). Considering the liberal construction given to the definition of employer under Title VII, *Rivas v. State Board for Community Colleges and Occupational Educ.,* 517 F.Supp. 467, 470 (D.Colo.1981), we have no option but to find that Pagano falls within this classification.

Pagano has also asserted that to the extent that only equitable remedies may be awarded in Title VII suits, *Pitre v. Western Elec. Co.,* 843 F.2d 1262, 1274 (10th Cir.1988), no action should lie against him in his official capacity. While it is true that equitable remedies would primarily be undertaken by the Department, we believe that Pagano could be required by the court to personally take equitable action. *See Pearson v. Western Elec. Installation Org. Dist. Office,* 542 F.2d 1150, 1151–52 (10th Cir.1976). Accordingly, defendant's motion to dismiss the third cause of action is hereby DENIED.

### V.

ACCORDINGLY, it is ordered:

1) Defendants' motion to dismiss the first cause of action is hereby GRANTED.

2) Defendants' motion to dismiss the second cause of action is hereby GRANTED.

3) Defendant Pagano's motion to dismiss the third cause of action is hereby DENIED.

4) Defendants are DIRECTED to file answers within ten days of the entry of this order.