768 F.2d 1207
 STATE OF NEW MEXICO, ex rel., Rose CANDELARIA, as Personal
Representative of the Estate of Billy Candelaria,
deceased, Plaintiffs-Appellants,
v.
CITY OF ALBUQUERQUE, Middle Rio Grande Conservancy District,
and County of Bernalillo, Defendants-Appellees.
 No. 84-1516.
 United States Court of Appeals,
Tenth Circuit.
 July 29, 1985.
 
 Chris Lucero, Jr., Albuquerque, N.M. (John B. Leyba, Albuquerque, N.M., with him on brief), for plaintiffs-appellants.
 Mark S. Jaffe, Albuquerque, N.M., for defendant-appellee, City of Albuquerque.
 Paul L. Civerolo, Albuquerque, N.M. (Carl J. Butkus, Albuquerque, N.M., with him on brief) of Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M., for defendant-appellee, Bernalillo County.
 Ray Shollenbarger, Jr., Albuquerque, N.M. filed a brief for defendant-appellee, Middle Rio Grande Conservancy Dist.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 This case arises out of the death of a young Mexican youth who drowned in an inadequately maintained syphon culvert. Plaintiff brought suit against the City of Albuquerque, the County of Bernalillo and the Middle Rio Grande Conservancy District alleging that Billy Candelaria's death violated his civil rights. Specifically, the complaint alleged causes of action under 42 U.S.C. Secs. 1981, 1983 and 1985.
 
 
 2
 The district court dismissed plaintiff's complaint under Federal Rule 12(b)(6) on the ground that it failed to allege intentional discrimination as is required under all three of the above statutes,* and failed to allege conspiracy as is required by section 1985.
 
 
 3
 The district court correctly found that, to be successful under sections 1981 and 1983, a plaintiff must allege and prove that the damages he suffered were the result of purposeful discrimination. Disparate impact that does not raise a presumption of discriminatory purpose is insufficient to sustain a cause of action under sections 1981 and 1983. The district court also concluded that under section 1985 the plaintiff was required to show class-based animus. While it is true that in order to reach private conspiracies under section 1985 a plaintiff must plead and prove class-based animus, Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), it is not firmly established that, where the section 1985 cause of action is asserted against state actors, intent to discriminate against an identifiable class must be proved. This circuit has never decided the question. In any event, even if class-based discriminatory animus must be pleaded on a 1985 claim along with discriminatory purpose, the plaintiff's complaint liberally construed easily meets these requirements and therefore should not have been dismissed.
 
 
 4
 For purposes of a motion to dismiss, the material allegations of the complaint must be viewed as if they were true. Franklin v. Meredith, 386 F.2d 958 (10th Cir.1967). The allegations in a civil rights claim, as in the case of any other civil action in the federal courts, are not to be held insufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jones v. Hopper, 410 F.2d 1323, 1327 (10th Cir.1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970).
 
 
 5
 While recognizing this standard for determining the sufficiency of a complaint, the district court held that plaintiff's complaint was insufficient. Specifically, the district court stated that
 
 
 6
 [a]lthough the Complaint may be read to say that the failure to keep the syphon culvert clear was an intentional act, there is no nexus between that contention and the claim that the South Valley community is subjected to a 'custom and usage' which is racially discriminatory in the manner services are provided by these governmental entities. At the most, the Complaint alleges that there exists a disparate impact which is impermissibly based upon a racial classification, that governmental services are provided in a discriminatory manner.
 
 
 7
 Record, vol. 1, at 231. In this determination the district court erred. The complaint alleges, among other things, that the defendants
 
 
 8
 acting individually and in concert, negligently and intentionally failed and refused to maintain said syphon culvert and ditch.... [t]he failure of the listed Defendants to maintain such syphon culvert, and their failure to remove an obvious danger and nuisance to the general public, were a direct result of a custom and usage of said Defendants' failure to provide governmental services to an area which is populated by persons of predominantly Spanish and Mexican-American descent, and that said custom and usage operates in such a manner that, a racial and ethnic discrimination exists against said persons living in the Albuquerque south valley regarding provision of governmental services.... The acts and/or omissions of said Defendants amount to a custom of providing governmental services in a discriminatory manner.
 
 
 9
 Record, vol. 1, at 3 & 4. While the complaint is susceptible to the construction given it by the district court, it is just as reasonably susceptible to the interpretation offered by the plaintiffs. Namely, it alleges that the defendants discriminated against an area of the city predominantly occupied by Mexican-Americans because it is occupied by Mexican-Americans. In fact, the statement that "a racial and ethnic discrimination exists" can hardly be interpreted as meaning anything but purposeful discrimination. If these allegations are proved, plaintiff would have a cognizable civil rights claim under section 1983. See City of Memphis v. Greene, 451 U.S. 100, 101 S.Ct. 1584, 67 L.Ed.2d 769 (1981).
 
 
 10
 In addition, we conclude that the district court erred in finding that the complaint contained no allegation of conspiracy. The district court noted that the complaint alleged defendants acted "in concert" but concluded that the single reference was insufficient. We do not feel it is in keeping with the purpose of the pleading rules to require verbosity in order to avoid dismissal. Plaintiff's single reference to concerted action sufficiently alleged a conspiracy to meet the pleading requirements.
 
 
 11
 In light of the rule that the complaint should be construed liberally in favor of an interpretation which states a cause of action, the district court's decision must be reversed.
 
 
 
 *
 The district court stated in a footnote that "if the court were to reach the alternative motions for summary judgment, there is little question that the plaintiff has failed to raise a genuine issue of material fact...." However, the district court did not decide the summary judgment issue. The parties have treated this case as a dismissal under 12(b)(6) for purposes of appellate argument