Jeanette ROYBAL, Plaintiff,

v.

CITY OF ALBUQUERQUE, a municipal corporation, E.L. Hansen, John O'Brien, Ken Keller, Gary Iverson, Gregory Dudley and Jose Armenta, Defendants.

CV No. 85–1616 HB.

United States District Court,
D. New Mexico.

July 1, 1986.

Ira Bolnick, Glass and Fitzpatrick, Albuquerque, N.M., for plaintiff.

John W. Pope, Gail Stewart, Asst. City Attys., Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This matter comes before the court on defendants' motion to dismiss Counts II, III and IV of plaintiff's Complaint for failure to state a claim, and defendants' motion to dismiss Counts V and VI for lack of subject matter jurisdiction. The court, having reviewed the motions and memoranda submitted by the parties in conjunction therewith, and consulted the applicable authorities, concludes that the motions should be granted in part and denied in part.

This is a civil rights action arising out of plaintiff's employment with the Albuquerque Police Department. Plaintiff alleges that she was sexually harassed, and subjected to retaliation and discrimination on the basis of her sex by various employees and supervisors of the Albuquerque Police Department, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and the Fourteenth Amendment to the United States Constitution. Plaintiff also alleges violations of the New Mexico Human Rights Act and Article II § 18 of the Constitution of the State of New Mexico. Defendants deny plaintiff's allegations of harassment, retaliation and discrimination. They move to dismiss Counts II, III and IV of plaintiff's complaint, in which plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985(3) and 1986, on the basis that they fail to state a claim for which relief may be granted.

In ruling on a motion to dismiss, the material allegations of the complaint must be taken as true. *Franklin v. Meredith*, 386 F.2d 958, 959 (10th Cir.1967). Further-

more, the "allegations in a civil rights claim, as in the case of any other civil action in the federal courts, are not to be held insufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *New Mexico ex rel. Candelaria v. City of Albuquerque,* 768 F.2d 1207, 1209 (10th Cir.1985).

*Motion to Dismiss Plaintiff's Federal Civil Rights Claims*

Defendants move to dismiss plaintiff's claims under 42 U.S.C. §§ 1983 and 1985(3). They argue that these claims fail to state a cause of action because the factual allegations on which they are based are properly brought only under Title VII. Defendants contend that plaintiff has failed to allege constitutional violations independent of her Count I claim of a violation of Title VII. These arguments lack merit. This court determines that plaintiff is not precluded from bringing her claims under sections 1983 and 1985(3), because she has sufficiently alleged independent constitutional violations.

Count I of plaintiff's Complaint alleges a cause of action under Title VII for unlawful employment practices, including sexual harassment, retaliation and discrimination on the basis of sex. In Count II, plaintiff also alleges a cause of action for sexual harassment, retaliation and sex discrimination under 42 U.S.C. § 1983. In Count III, plaintiff alleges a conspiracy among the defendants to persuade or coerce plaintiff to acquiesce in the sexual harassment, and to retaliate against plaintiff and discriminate against her on the basis of her sex, in violation of 42 U.S.C. § 1985(3). In Count II and III, however, defendants' conduct is alleged to have violated plaintiff's constitutional rights, including her right to the equal protection of the laws. Defendants argue that plaintiff has failed to state an equal protection claim independent of her Title VII claim.

Title VII of the Civil Rights Act of 1964 was made applicable to state and local government employees by amendments passed in 1972, entitled the Equal Employ-ment Opportunity Act of 1972. H.R.Rep. No. 92–238, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 2137, 2137. Although both houses of Congress considered making Title VII the exclusive remedy for employment discrimination, *Joint Explanatory Statement of Managers at the Conference on H.R. 1746 to Further Promote Equal Employment Opportunities for American Workers,* 92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Ad.News 2179, 2181–82, Congress explicitly rejected such action. *Id.* Instead, the legislative history of the 1972 amendments to Title VII demonstrates Congress' intent to allow existing remedies, including those available under § 1983, as alternative means of redressing constitutional violations also actionable under Title VII.

> In establishing the applicability of Title VII to State and local employees, the Committee wishes to emphasize that the individual's right to file a civil action in his own behalf, pursuant to the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981 *and 1983, is in no way affected* .... Title VII was envisioned as an independent statutory authority meant to provide an aggrieved individual with *an additional remedy* to redress employment discrimination.... The bill, therefore, by extending jurisdiction to State and local government employees *does not affect existing rights that such individuals have already been granted by previous legislation.*

H.R.Rep. No. 92–238, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad. News 2137, 2154 (emphasis added). Indeed, those Congressmen who dissented from the House Report and the final version of the amendments to Title VII did so, in part, because "charges of discriminatory employment conditions may still be brought under prior existing federal statutes such as the National Labor Relations Act and the Civil Rights Act of 1866.... [O]ur attempt to amend the Committee bill to make title VII an exclusive remedy (except for pattern or practice suits) was rejected." *Minority Views on H.R. 1746,*

92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Ad. News 2167, 2175.

■ This legislative history has been interpreted by a majority of the circuit courts of appeals and district courts to have left intact the rights of state and local government employees to sue under § 1983 for violations of their constitutional and statutory rights pre-existing Title VII. *See Alexander v. Chicago Park District,* 773 F.2d 850 (7th Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 1492, 89 L.Ed.2d 89 (1986); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299 (7th Cir.1985); *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199 (6th Cir.1984); *Meyett v. Coleman,* 613 F.Supp. 39 (W.D.Wis.1985); *Snell v. Suffolk County,* 611 F.Supp. 521 (E.D.N.Y.1985); *Vermett v. Hough,* 606 F.Supp. 732 (W.D.Mich.1984); *Zewde v. Elgin Community College,* 601 F.Supp. 1237 (N.D.Ill.1984); *Storey v. Board of Regents of the University of Wisconsin System,* 600 F.Supp. 838 (W.D.Wis.1985); *Daisernia v. State of New York,* 582 F.Supp. 792 (N.D.N.Y.1984); *Gibson v. Wisconsin Dep't of Health,* 489 F.Supp. 1048 (E.D. Wis.1980); *Christensen v. Quigley Memorial Hospital,* No. 84–3388 (D.Mass. November 1, 1985); *Gold v. City of Chicago,* No. 85–C–4885 (N.D.Ill. October 21, 1985). *But see Irby v. Sullivan,* 737 F.2d 1418 (5th Cir.1984); *Reiter v. Center Consolidated School District No. 26–JT,* 618 F.Supp. 1458 (D.Colo.1985); *Keller v. Prince George's County Department of Social Services,* 616 F.Supp. 540 (D.Md. 1985); *Tafoya v. Adams,* 612 F.Supp. 1097 (D.Colo.1985). The courts recognizing alternative causes of action under Title VII and § 1983 reason that only if the right asserted was *created* by Title VII must that right be vindicated solely through the administrative system created by that Act.

*E.g., Alexander v. Chicago Park District, supra* at 855.[1]

■ In Count II, plaintiff alleges that similarly situated male employees were not subjected to sexual harassment, retaliation and discrimination. Plaintiff's Complaint ¶ 28. Plaintiff also alleges that defendants' conduct deprived her of her rights to due process and equal protection of the laws, as guaranteed by the Fourteenth Amendment. *Id.* at ¶ 34. These allegations are sufficient to constitute an independent claim of sex discrimination under the Fourteenth Amendment. That Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. If plaintiff was discriminated against on the basis of her sex, defendants' conduct may be subject to scrutiny under equal protection principles. *Reed v. Reed,* 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). The Fourteenth Amendment rights at issue in this case were not created by Title VII; they predate that statute. Therefore, plaintiff has stated an independent cause of action cognizable under 42 U.S.C. § 1983.

The above analysis is equally applicable to concurrent claims brought under Title VII and 42 U.S.C. § 1985(3). Nevertheless, defendants urge this court to dismiss plaintiff's Count III claim brought under section 1985(3), relying on *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) for the proposition that section 1985(3) cannot be used to remedy a Title VII violation. *Novotny* should not be read so broadly. In *Novotny,* a male officer of a savings and loan institution brought an

---

1. These courts recognize the "anomalous" situation that a federal employee is limited by the administrative procedures of Title VII, *see Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *see also Ethnic Employees of Library of Congress v. Boorstin,* 751 F.2d 1405 (D.C.Cir.1985), while state employees are not. This situation, however, appears to be precisely what was envisioned by Congress when the amendments to Title VII were enacted. *See* H.R.Rep. No. 92–238, 92d Cong., 2d Sess., *reprinted* in 1972 U.S. Code Cong. & Ad.News 2137, 2137 ("The bill would broaden jurisdictional coverage by deleting the existing exemption of State and local government employees.... The bill would extend *some* protection to Federal employees.") (emphasis added).

action under § 1985(3), alleging that he was fired because he had supported female employees in their efforts to end sex discrimination. The Court pointed out that in contrast to Title VII, section 1985(3) is a purely remedial statute that provides a cause of action when "some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy...." 442 U.S. at 376, 99 S.Ct. at 2351. Mr. Novotny claimed a violation of a right created by Title VII. The Court determined, therefore, that the case did not involve a right "independent" of Title VII, and held that § 1985(3) could not be invoked to redress a violation of Title VII. *Id.* at 378, 99 S.Ct. at 2352.

*Novotny* involved an action against a private employer. In *Skadegaard v. Farrell*, 578 F.Supp. 1209 (D.N.J.1984), in contrast, a female employee of a state agency sued supervisory personnel under 42 U.S.C. §§ 1983 and 1985(3), claiming sexual harassment and a retaliatory conspiracy. The court found that *Novotny* was not controlling, because plaintiff had alleged violations of her rights under the Fourteenth Amendment. "Plaintiff's constitutional rights are undoubtedly 'independent' of those provided in Title VII and, in fact, pre-dated the creation of rights under its statutory scheme by close to one hundred years." 578 F.Supp. at 1218. Although in *Skadegaard*, the plaintiff had not alleged a violation of Title VII in addition to her claims under sections 1983 and 1985(3), the inclusion of a claim under Title VII in the present case does not make the reasoning of *Skadegaard* less applicable. "The distinctly separate nature of the rights accorded under § 1985(3) is not vitiated merely because both § 1985(3) and Title VII were allegedly violated as a result of the same factual occurrence." *Smith v. Private Industry Council of Westmoreland and Fayette Counties, Inc.*, 622 F.Supp. 160, 165 (W.D.Pa.1985).

■ In Count III, plaintiff alleges that defendants conspired to deprive plaintiff of the equal protection of the laws and dis-

criminated against her because of her sex. This conduct states a cause of action under the Fourteenth Amendment, rather than a right created by Title VII. *Novotny* does not mandate dismissal of plaintiff's § 1985(3) claim based on violations of the Fourteenth Amendment. *Marsh v. Board of Education of City of Flint*, 581 F.Supp. 614, 618 (E.D.Mich.1984), *affirmed*, 762 F.2d 1009 (6th Cir.1985).

Defendants also move to dismiss plaintiff's claim under section 1985(3), contending that plaintiff has failed to allege a law violated by the conspiracy. Defendants' argument lacks merit. As discussed above, plaintiff has alleged that defendants conspired to deprive plaintiff of the equal protection of the laws. Plaintiff's Complaint ¶ 43. This allegation is sufficient to state a claim of a conspiracy to violate the Fourteenth Amendment. "We do not feel it is in keeping with the purpose of the pleading rules to require verbosity in order to avoid dismissal." *New Mexico ex rel. Candelaria v. City of Albuquerque, supra*, at 1210.

■ Defendants also argue that plaintiff has failed to allege any facts showing the class-based animus essential to a prima facie claim under section 1985(3). The Tenth Circuit has never decided whether class-based discriminatory animus must be pleaded in a claim under section 1985(3) when the cause of action is asserted against state actors. *Id.* at 1209. Even if it were necessary to plead a class-based discriminatory animus, however, plaintiff has alleged discrimination on the basis of sex sufficient to withstand a motion to dismiss. Plaintiff's claim under section 1985(3) incorporates her allegations of discriminatory conduct under Counts I (Title VII) and Count II (§ 1983). Plaintiff's Complaint ¶ 38. As discussed above, plaintiff has alleged that similarly situated male employees were not subjected to sexual harassment, retaliation and discrimination. These allegations are sufficient to state a claim for discrimination on the basis of sex. Discriminatory conspiracies motivated by a sex-based animus are within the scope of

section 1985(3). *Gobla v. Crestwood School District,* 609 F.Supp. 972, 979–80 (M.D.Pa.1985). *See also Scott v. City of Overland Park,* 595 F.Supp. 520, 528–29 (D.Kan.1984); *Skadegaard v. Farrell, supra,* at 1219. Plaintiff has, therefore, sufficiently alleged class-based animus against women.

█ Finally, defendants argue that plaintiff has failed to state a claim against defendants in their official capacities under section 1985(3), citing the rule articulated in *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir.1972), that agents of a corporation constitute a single legal entity and, therefore, cannot conspire for purposes of section 1985(3). This "intracorporate exception" to section 1985(3) has been applied to government agents and employees acting in their official capacities. *See Barger v. Kansas,* 620 F.Supp. 1432, 1435 (D.Kan. 1985); *Scott v. City of Overland Park, supra,* at 527; *Buntin v. Board of Trustees of Virginia Supplemental Retirement System,* 548 F.Supp. 657, 660 (W.D.Va. 1982); *Rivas v. State Board for Community Colleges and Occupational Education,* 517 F.Supp. 467, 472 (D.Colo.1981). The rationale of this exception applies in the present case; when city employees are sued in their official capacities, the city itself is being sued. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). A city cannot conspire with itself, any more than a corporation can so conspire, *Weaver v. Gross,* 605 F.Supp. 210, 214–15 (D.D.C.1985), or a university can so conspire. *Barger v. Kansas, supra.*

Plaintiff has sued defendants Hansen, O'Brien, Keller, Iverson, Dudley and Armenta individually and in their official capacities. Insofar as plaintiff has sued these defendants in their official capacities, defendants' motion to dismiss on the grounds of the "intracorporate exception" to section 1985(3) is well-taken and will be granted.

█ Defendants also move to dismiss Count IV of plaintiff's Complaint, in which plaintiff alleges that defendants failed to prevent the conspiracy, in violation of 42 U.S.C. § 1986. Defendants argue that Count IV is based on a violation of section 1985(3), as alleged in Count III, and that since Count III should be dismissed, Count IV must also be dismissed. As discussed above, plaintiff has sufficiently alleged a cause of action under section 1985(3) against defendants in their individual capacities. Defendants' motion to dismiss Count IV will, therefore, be denied.

*Motion to Dismiss Plaintiff's Claims Under State Law*

Defendants also move to dismiss Counts V and VI of plaintiff's Complaint, in which plaintiff alleges pendent state law claims. In Count V, plaintiff alleges that defendants' conduct violated the New Mexico Human Rights Act and the New Mexico Constitution. In Count VI, plaintiff alleges intentional infliction of emotional distress by defendants Armenta, Keller and Iverson.

█ Pendent jurisdiction exists when the state and federal claims derive from "a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Defendants acknowledge that plaintiff's state law claims and her claims under federal law satisfy this test, because they are all based on allegations of sex discrimination in employment. Even if this court has jurisdiction to hear plaintiff's state law claims, however, it is not required to do so. The exercise of pendent jurisdiction is discretionary. *Id.* at 726, 86 S.Ct. at 1139.

█ Defendants urge this court to refrain from exercising jurisdiction over plaintiff's pendent state claims. First, defendants argue that novel and unsettled questions of state law are present in connection with plaintiff's claim under the New Mexico Human Rights Act, N.M.Stat. Ann. §§ 28–1–1 through 28–1–14 (Cum. Supp.1985). Although plaintiff alleged that she filed a charge with the Equal Employment Opportunity Commission "and/or the state deferral agency for the

State of New Mexico," Plaintiff's Complaint ¶ 15, plaintiff has not alleged that she filed with the New Mexico Human Rights Commission, as required in N.M. Stat.Ann. § 28–1–10. She has also failed to allege that she has exhausted the grievance procedure set forth in the Act. That grievance procedure is mandatory. *Jaramillo v. J.C. Penney Co., Inc.*, 102 N.M. 272, 273, 694 P.2d 528, 529 (Ct.App.1985). After exhausting the grievance procedure, the state district court has exclusive jurisdiction to hear an appeal from the order of the New Mexico Human Rights Commission. N.M.Stat.Ann. § 28–1–13(A). The parties have brought forward no case, and this court has found none, in which the federal court has assumed jurisdiction of a claim brought under the New Mexico Human Rights Act under these circumstances. Plaintiff is not, therefore, asking this court to apply current New Mexico law, but to expand New Mexico law. "Although the degree of uncertainty in state law is one of several factors that should guide the district court's discretion, it should be given considerable weight." *Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 776 (D.C.Cir.1982). *See also L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 429 (11th Cir.1984); *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279, 1285 (D.Colo.1984). In light of this novel and unsettled question of state law, this court determines that it should not exercise pendent jurisdiction over plaintiff's claim under that Act.

■ Plaintiff also alleges a claim under the Equal Protection clause of the New Mexico Constitution in Count V of her Complaint. Defendants argue that the law in New Mexico is unsettled as to whether a claim of discrimination in employment that is asserted under the New Mexico Human Rights Act can also be maintained under the Equal Protection clause of the New Mexico Constitution. In fact, the New Mexico courts have not addressed the issue. This court will, therefore, decline to exercise pendent jurisdiction over this novel and unsettled question of state law.

■ Finally, defendants argue that this court should decline to exercise pendent jurisdiction over plaintiff's Count VI claim for intentional infliction of emotional distress. They argue that the law in New Mexico is unsettled as to whether the provision in the New Mexico Human Rights Act for "actual damages," N.M.Stat.Ann. § 28–1–11(E), encompasses damages for emotional harm. Although plaintiff correctly points out that the tort of intentional infliction of emotional distress has been recognized in New Mexico, *see Dominguez v. Stone*, 97 N.M. 211, 214, 638 P.2d 423, 426 (Ct.App.1981), plaintiff points to no case in which a claim for intentional infliction of emotional distress has been brought concurrently with a claim under the New Mexico Human Rights Act. This court will, therefore, decline to exercise pendent jurisdiction over this novel and unsettled question of state law.

Now, Therefore,

IT IS BY THE COURT ORDERED that defendants' motion to dismiss Counts II, III and IV of plaintiff's Complaint will be granted only insofar as plaintiff alleges a conspiracy under 42 U.S.C. § 1985(3) among the defendants in their official capacities, and will be denied in all other respects.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's claims under state law as set out in Counts V and VI of plaintiff's Complaint will be granted.