Alvin W. **MEADE**, Plaintiff-Appellant,

v.

**MERCHANTS FAST MOTORLINE, INC.,** Defendant-Appellee.

No. 85–1061.

United States Court of Appeals, Tenth Circuit.

June 18, 1987.

Lawrence W. Allred of Allred-Lilley, Las Cruces, N.M., for plaintiff-appellant.

Duane C. Gilkey and Tracy E. McGee of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendant-appellee.

Before LOGAN, MOORE and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Plaintiff, Alvin W. Meade, appeals from an order of the district court dismissing with prejudice his employment discrimination complaint against defendant, Merchants Fast Motorline, Inc., for failure to state a claim under 42 U.S.C. § 1981. The district court found that the facts alleged did not support a § 1981 claim, but its order does not specify in what respect the complaint is deficient. Defendant advances several arguments in support of the district court's decision.

▪ Defendant's primary argument, and the only one urged in the district court, is that the complaint fails to state a § 1981 claim because it contains no allegation of purposeful or intentional discrimination. On the contrary, we believe the following allegation sufficient on this issue: "Plaintiff was disciplined [sic] and finally terminated *because of his race* and not for good cause in connection with his employment ... plaintiff has been discriminated against by Merchants on account of his race." (emphasis added). Although the words "purposeful" or "intentional" are not recited, the requisite state of mind is adequately captured in the allegation set out above. *See New Mexico ex rel. Candelaria v. City of Albuquerque*, 768 F.2d 1207, 1209 (10th Cir.1985).

▪ The second argument advanced by defendant is that the claim of discrimination is not supported by sufficient factual allegations. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). Plaintiff, a black man, alleged that he had been disciplined and, ultimately, terminated on account of his race for conduct which did not give rise to similar sanctions when engaged in by defendant's nonblack employees. Certainly, if plaintiff were to prove these allegations, he would be entitled to relief under § 1981. Although the specifics of the underlying incidents are not detailed in the complaint, we are unwilling to say at this early stage that plaintiff's action is subject to dismissal on this basis, especially since the issue has not been raised and considered first in the district court. *See generally Lessman v. McCormick*, 591 F.2d 605, 607, 611 (10th Cir.1979); *Candelaria*, 768 F.2d at 1210.

▪ Finally, defendant argues that the § 1981 claim cannot stand because Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, provides the exclusive remedy for the wrong alleged in this case, citing *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), and *Tafoya v. Adams*, 612 F.Supp. 1097 (D.Colo.1985), *aff'd on other grounds*, 816 F.2d 555 (10th Cir.1987). In *Novotny*, the Supreme Court held that rights created by Title VII may not be asserted as the basis for a cause of action under 42 U.S.C. § 1985(3). 442 U.S. at 378, 99 S.Ct. at 2352.[1] Obviously, the *Novotny* holding itself, which dealt only with § 1985(3), is not controlling in the present context. More importantly, *Novotny* rests on a dual rationale, neither prong of which is applicable to § 1981. First, the Supreme Court emphasized that § 1985(3) is a purely remedial

---

**1.** This prohibition was extended by the district court in *Tafoya* to claims brought pursuant to 42 U.S.C. § 1981 and § 1983, although the result in the case was ultimately affirmed by this court on other grounds. *Tafoya,* 816 F.2d at 556–57, 558.

provision that creates no substantive rights. *Novotny*, 442 U.S. at 372, 376, 99 S.Ct. at 2349, 2351. Consequently, the § 1985(3) remedy cannot stand independently of Title VII when the underlying right to be vindicated is created by Title VII. *Id.* at 376–77, 378, 99 S.Ct. at 2351, 2352.[2] However, § 1981 differs from § 1985(3) in this important respect, as the Court expressly recognized in *Novotny.* In addition to its remedial role, § 1981 provided a substantive right against racial discrimination in employment before the enactment of Title VII, and it is that right— not the similar, but supplementary one created by Title VII—upon which plaintiff's § 1981 claim rests. *See id.* at 377–78, 99 S.Ct. at 2351–52; *see also Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975).

Second, the Supreme Court noted in *Novotny* that, while the legislative histories of the Civil Rights Acts of 1964 and 1968 clearly indicate that Title VII was not meant to disturb the existing substantive rights and remedy provided in § 1981, no mention was made of § 1985. 442 U.S. at 377 & n. 21, 99 S.Ct. at 2351 & n. 21; *see also Brown v. General Services Administration*, 425 U.S. 820, 833–34, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976); *Johnson*, 421 U.S. at 459, 95 S.Ct. at 1719.

Although it is important to understand the limited reach of *Novotny*, an earlier precedent resolves the Title VII preemption issue raised in this case. We believe the Supreme Court's decision in *Johnson*, as explained, distinguished and reaffirmed in *Brown*, 425 U.S. at 833–34, 96 S.Ct. at 1968, and *Novotny*, 442 U.S. at 377–78, 99 S.Ct. at 2351–52, continues to control this issue and permits the § 1981 cause of action asserted by plaintiff. In *Johnson*, the Court referred repeatedly to the "independence" of the Title VII and § 1981 remedies and gave effect to the legislative histories discussed above, stating:

> "We are disinclined, in the face of congressional emphasis upon the existence

and independence of the two remedies, to infer any positive preference for one over the other, without a more definite expression in the legislation Congress has enacted, as, for example, a proscription of a § 1981 action while an EEOC claim is pending."

*Johnson*, 421 U.S. at 461, 95 S.Ct. at 1720. The Court concluded that "Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII." *Id.* at 466, 95 S.Ct. at 1723. Although *Johnson* specifically holds only that a claimant's pursuit of administrative remedies under Title VII does not toll the running of the limitations period for an associated action under § 1981, the case has generally been recognized as establishing the principle that Title VII does not preempt § 1981 as a remedy for private employment discrimination. We have recognized *Johnson* as establishing the principle that Title VII does not preempt § 1981 as a remedy for private employment discrimination. *See Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129, 1139 & 1139 n. 9 (10th Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 314 (1983); *see also Brown*, 425 U.S. at 833, 96 S.Ct. at 1968; *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir.1985), *amended*, 784 F.2d 1407 (1986); *Day v. Wayne County Board of Auditors*, 749 F.2d 1199, 1203 (6th Cir. 1984); *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 359 (3d Cir.1984).

We recognize that use of § 1981 to redress wrongs also actionable under Title VII may to some extent appear to subvert the comprehensive statutory scheme established in the latter by, for example, permitting the complainant to bypass the mandatory administrative procedure of Title VII in favor of immediate resort to the courts under § 1981. *See Tafoya*, 612 F.Supp. at 1100, 1101–02. The Supreme Court, however, while sympathetic to this concern, recognized in *Johnson* that Congress' resolution of this issue in favor of joint applica-

---

**2.** Similarly, in *Tafoya*, we held that the right to be free of retaliatory discharge, created by Title

VII, cannot be the sole basis of a § 1983 action. 816 F.2d 558.

bility controls. 421 U.S. at 459, 461, 465–66, 95 S.Ct. at 1722–23; *see also Novotny,* 442 U.S. at 377 n. 21, 99 S.Ct. at 2351 n. 21; *Brown,* 425 U.S. at 833–34, 96 S.Ct. at 1968.

Accordingly, we hold that plaintiff may properly pursue his cause of action under § 1981 for private employment discrimination despite the applicability of Title VII to the same conduct. The judgment of the United States District Court for the District of New Mexico is REVERSED and REMANDED.