Patricia F. DUNMORE, Plaintiff,

v.

CITY OF NATCHEZ; Al Graning, Jr., Vidal Davis, Tom Middleton, Lou Salvo Jordan, individually and in their Official Capacity as Members of the Board of Aldermen, Natchez, Mississippi; Tony Byrne, Individually and in his Official Capacity as Mayor of the City of Natchez; Richard Durkin, Randy Tillman and Kit Parker, individually and in Their Official Capacities as Members of the Board of Adjustments of the City of Natchez; Tod Williams, Individually and in His Official Capacity as Planning Director of the City of Natchez, Defendants.

Civ. A. No. W88–0060(B).

United States District Court, S.D. Mississippi, W.D.

Sept. 30, 1988.

---

**32**

Everette T. Sanders, Lillie B. Sanders, Natchez, Miss., for plaintiff.

Gary E. Friedman, Susan D. Fahey, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This case is before the Court pursuant to a Motion for Partial Dismissal by Defendants Al Graning, Jr., Vidal Davis, Tom Middleton, and Lou Salvo Jordan, who are members of the Natchez Board of Aldermen, Tony Byrne, who is the Mayor of the City of Natchez, and Richard Durkin, Randy Tillman and Kit Parker, who are members of the Board of Adjustments of the City of Natchez, and Tod Williams, who is the Planning Director of the City of Natchez. The Defendants move for dismissal of claims pending against them in their individual capacities. Patricia Dunmore has alleged claims against these people in their individual and official capacities, as well as against the City of Natchez, under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. These claims arise pursuant to the denials by the Board of Adjustment and the Board of Aldermen of the City of Natchez of a zoning variance requested by the Plaintiff, which the Plaintiff alleges occurred because she is a black female. The Motion of Aldermen Al Graning, Jr., Vidal Davis, Tom Middleton, and Lou Salvo Jordan, and of Board of Adjustment Members Richard Durkin, Randy Tillman, and Kit Parker, to Dismiss claims pending against them in their individual capacities which arise solely as a result of their actions in a legislative capacity is granted. The motions of Tony Byrne and Tod Williams for dismissal of claims against them in their individual capacities is denied. The Motion of all Defendants to Dismiss claims arising from 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 is denied. In reaching this decision, the Court relies upon the pleadings and briefs submitted by the parties in this Motion, as well as the Complaint and Answer filed with the Clerk of this Court.

### I. *The Scope of Legislative Immunity*

 Individuals who serve as local legislators are absolutely immune from civil liability for actions in furtherance of their official duties. *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir.1981), *cert. denied* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1981). In determining the scope of this immunity, we look both to the type of official and to the type of act for which immunity is claimed. The enactment of a general municipal zoning ordinance is a legislative act, *County Line Joint Venture v. City of Grand Prairie*, 839 F.2d 1142, (5th Cir.1988), as is the granting of variances to zoning regulations. *Shelton v. City of College Station*, 780 F.2d 475, (5th Cir.1986) (en banc). Therefore legislative immunity extends to the act of denial of this request for a zoning variance.

 Legislative immunity extends, obviously, to city council members, *Hernandez* at 1183, but it also extends to members of an appointed zoning board. *Shelton* at 480. Naturally, such immunity for the individual actions of a councilman or board member is limited to conduct in furtherance of their legislative duty. Absolute immunity does not mean immunity from all conduct by virtue of office, and a claim of conspiracy which goes beyond the limits of a councilman's or board member's office is not extinguished by legislative immunity.

*See Bennett v. City of Slidell,* 697 F.2d 657, 660 (5th Cir.1983). (City councilmen were not liable under Section 1985(3) because "a painstaking review of the record disclose[d] insufficient evidence.")

█ Patricia Dunmore bases her cause of action upon the denial of the variance in light of both the grant of variances in similar cases to white males and the failure of the City to require variances for nonconforming activities subject to a variance by white males. Dunmore claims that such a denial is arbitrary and capricious and that it violates her right to due process under the Fourteenth Amendment. She also claims that the Defendants individually have conspired together to deny her of equal protection of the laws and to abridge her privileges and immunities as a citizen of the United States, rights which she may protect under 42 U.S.C. §§ 1981, 1983, and 1985(3). Although there is insufficient evidence to determine if the nature of the conspiracy Dunmore alleges goes beyond the limits of legislative immunity, she has made sufficiently clear the basis of her claims against the members of the Board of Aldermen and Board of Adjustment under Sections 1981 and 1983. The Court finds that these individual capacity claims are based solely upon votes cast in a legislative office by duly elected or appointed officials, that these officials were acting within the scope of their legislative duties by casting votes to deny a variance, and that the claims presented under Sections 1981 and 1983 against those officials in their individual capacities are barred by legislative immunity. Accordingly, the Motion of the members of the Board of Adjustment and the Board of Aldermen to dismiss claims against them, in their individual capacities, under 42 U.S.C. Sections 1981 and 1983 actions is granted.

## II. *Legislative Immunity of City Executives*

█ Dunmore alleges on information and belief that the Defendants conspired to deprive her of her civil rights and that the mayor voted with the Board of Aldermen to affirm the denial of her variance by the Board of Adjustments. Dunmore also alleges in her Complaint that "Defendants threatened enforcement" is a basis of her claims. Rather than providing this Court with any information concerning the actions of Mayor Byrne or Director Williams related to the case, Defendants have asked that the Court consider these unspecified actions to be cloaked in immunity. In certain instances, such as casting a veto, executives whose actions are essentially in the legislative process may invoke immunity. *Hernandez* at 1194. To determine such a claim of immunity, the Court would look to the role ascribed to the office in the enactment of legislation, information which has not been provided in this instance. This Court has no basis by which to establish that any acts by Tony Byrne or Tod Williams complained of by Plaintiff were subject to legislative immunity. Accordingly, the Motion to Dismiss of Tony Byrne and Tod Williams is denied.

## III. *Claims Under Title 42, Sections 1985 and 1986*

Patricia Dunmore, in her Complaint, alleges that "upon information and belief Defendants have conspired together" to deprive her of civil rights in violation of 42 U.S.C. § 1985(3). As noted above, a claim of conspiracy might well go beyond the limits of legislative immunity. If the evidence should show that the Defendants acted in a conspiracy, pursuant to which any rights of Dunmore which are protected under 42 U.S.C. § 1981 or 1983 were violated, a claim against a defendant who might be personally immune for the deprivation alone might be well founded. This is a motion to dismiss, not for summary judgment, and dismissal of the Section 1985 claims at this stage of the case would be untimely.

Dunmore also raises a claim in her Complaint under 42 U.S.C. § 1986. Section 1986 states:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in pre-

venting the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, ... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

Liability for failure to prevent the acts of a conspiracy is closely tied to the claims of the conspiracy under § 1985(3). *Hamilton v. Chaffin,* 506 F.2d 904 (5th Cir.1975). Other United States district courts have allowed otherwise vague § 1986 claims in complaints against municipal officials in their individual capacities, when the complaints alleged that the officials were aware of the conspiracy and failed to prevent it from accomplishing its purpose, if that purpose was within their power to thwart. *See Roybal v. Albuquerque,* 653 F.Supp. 102 (D.N.M.1986), *Thompson v. State of New York,* 487 F.Supp. 212 (S.D.N.Y.1979), *Santiago v. Philadelphia,* 435 F.Supp. 136 (E.D.Pa.1977). For the same reasons the Court refused to grant a dismissal of Dunmore's Section 1985(3) claims, the motion as to related Section 1986 claims is denied.

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Dismissal is granted insofar as claims against Al Graning, Jr., Vidal Davis, Tom Middleton, Lou Salvo Jordan, Richard Durkin, Randy Tillman and Kit Parker in their individual capacities arising under 42 U.S.C. §§ 1981 and 1983 are dismissed. The Motion in all other respects is denied.

ORDERED.